United States District Court
Southern District of Texas
**ENTERED**
February 06, 2019
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| COUNTY OF JASPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-4706 |
| | § | |
| PURDUE PHARMA L.P., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The parties, the County of Jasper, Texas, and a number of pharmaceutical companies, moved to continue the deadlines and hearings pending a ruling by the Judicial Panel on Multidistrict Litigation on transfer to MDL 2804, or until this court decides the County of Jasper's December 2018 motion to remand for lack of subject-matter jurisdiction. (Docket Entry No. 10). In January 2019, the court stayed and administratively closed the case pending the Multidistrict Panel's decision. (Docket Entry No. 14).

In its remand motion, the County of Jasper argued that the parties were not diverse because one of Purdue Pharma L.P.'s trustees resided in Texas in November 2018 when this lawsuit began. (Docket Entry No. 4). The pharmaceutical companies responded, arguing that the parties were diverse because its only trustee residing in Texas had moved to Florida in June 2018. (Docket Entry No. 11 at 2). The remand issue concerns the residence of Purdue Pharma's trustees in November 2018, when the County of Jasper filed its lawsuit.

The County of Jasper has moved to lift the stay and for an expedited decision on the remand motion, arguing that transfer to MDL 2804 "will result in judicial inefficiency and unfair prejudice" because the Northern District of Ohio is not familiar with Texas law, and because motions to remand will not be timely decided "in non-bellwether cases." (Docket Entry No 15 at 1–2).

"The MDL Panel clearly has the authority to transfer this case despite a jurisdictional objection." *Ayers v. ConAgra Foods, Inc.*, No. H-08-3723, 2009 WL 982472, at *1 (S.D. Tex. Apr. 9, 2009) (citing *In re Ivy*, 901 F.2d 7, 8–10 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course.")); *see also Bergeron v. Long*, No. 1:13-cv-429, 2013 WL 12323397, at *1 (E.D. Tex. Aug. 5, 2013); *Poole v. Ethicon, Inc.*, No. H-12-0339, 2012 WL 868781, at *1–*2 (S.D. Tex. Mar. 13, 2012). "The benefits of transferring such cases 'to the MDL—the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources—are obvious.'" *Ayers*, 2018 WL 982472, at *1 (quoting *Johnson v. AMR Corp.*, No. 95-C-7659, 1996 WL 164415, at *3 (N.D. Ill. Apr. 3, 1996)).

"Judicial economy is served by a stay pending transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the MDL transferee court." *Id.* (citing *In re Ivy*, 901 F.2d at 9). "The transferee judge certainly has the power to determine the question of remand, and if, as seems likely, the remand issues are common to many of the MDL cases, decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." *Id.* The issues involved in the remand motion may also arise in other cases subject to MDL transfer, in which the citizenship of Purdue Pharma's trustees is essential to subject-matter jurisdiction. Having this issue decided after transfer avoids duplicative discovery and inconsistent pretrial rulings on the citizenship of Purdue Pharma's trustees.

The County of Jasper's motion to lift the stay and for an expedited decision on the remand motion, (Docket Entry No. 15), is denied.

SIGNED on February 6, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge